22539.  McKELVEY et al. v. LOGAN, Commissioner, et al.

CANDLER, Justice.  J. W. McKelvey and C. S. Denney, as citizens and taxpayers of Clarke County, Georgia, filed a petition in the superior court of that county against three named persons in their official capacities as the members of the Board of Commissioners of Roads and Revenues of Clarke County. They also named as a defendant the Stone Mountain Memorial Association, a public corporation and instrumentality of the State.  Their petition, as twice amended, alleges in substance that the Clarke County Board of Commissioners has given to the Stone Mountain Memorial Association a covered bridge known as the "College Avenue Bridge" which spans the Oconee River and which was used by those who had an occasion to travel the streets of which it is a part until it was barricaded.  It alleges that the bridge is serviceable and can be used safely; that it can and should be used beneficially and advantageously under all circumstances, with proper repairs for many years; that it is capable of carrying maximum loads of 6,000 pounds with safety; that the fiscal authorities of Clarke County are without power or authority to dispose of such bridge since it is county-owned property other than by a sale or disposition in the nature of a sale for a full consideration representing its value, and then only after it has become unserviceable and cannot be beneficially or advantageously used under all of the circumstances—and in no event can it be made the subject matter of a gift; that no consideration was paid to said Board of County Commissioners by Stone Mountain Memorial Association for said bridge nor was it contemplated that any consideration should be paid therefor but that the disposition of it was an outright gift to the Stone Mountain Memorial Association; that such disposal of the bridge by the

defendant Board of Commissioners should be decreed null and void and of no effect; that no right or title passed by such gift and that no right or title to such bridge was acquired by the defendant Stone Mountain Memorial Association in virtue thereof. It is also alleged that Subsection (d) of Section 6 of the Stone Mountain Memorial Association Act (Ga. L. 1958, p. 61) offends Art. VII, Sec. VI, Subparagraphs (a) and (b) of Paragraph I of Georgia's Constitution of 1945 (*Code Ann.* § 2-5901) for reasons therein stated. Besides for process, rule nisi and service, the prayers of the petition were that the disposal, transfer and gift of the College Avenue Bridge by the defendant Board of County Commissioners to the Stone Mountain Memorial Association be decreed null and void and of no effect as being illegal and unauthorized by law; that no title and right to such bridge passed from Clarke County to the Stone Mountain Memorial Association; that the defendants, their servants and agents be restrained and enjoined from dismantling, razing and wrecking the bridge or from permitting it to be done for it by others; and that the petitioners have such other and further relief as may be meet, proper, needful and necessary in the premises.

An oral motion in the nature of a general demurrer was made to dismiss the petition as finally amended on the ground that it stated no cause of action for any of the relief sought. This motion was overruled and there is no ·exception thereto. On the trial it was stipulated between the parties that the bridge in question belonged to Clarke County, Georgia, and the evidence shows without dispute that it was a one-way, wooden bridge which Clarke County constructed in the early 1890's across the Oconee River at a cost of $2,470; that plans are being formulated by Clarke County to replace the bridge in question with a modern two-lane, concrete and steel bridge; that the bridge has been barricaded and is no longer used by the county for travel; that it will cost $1,200 annually to repair and keep it safe for travel; that the Board of County Commissioners did on February 18, 1964, by private contract convey said bridge to the defendant Association in writing without any consideration except the Association's obligation to dismantle it and move it to its property in DeKalb County without expense to Clarke County.

The trial judge held that Subsection (d) of Section 6 of the Stone Mountain Memorial Association Act is valid and that

the action taken by the Board of County Commissioners of Clarke County respecting disposition of such bridge is valid and was authorized by such Subsection (d) of Section 6 of the Stone Mountain Memorial Association Act. He also dissolved the restraining order previously granted and denied the prayed for temporary injunction. The plaintiffs excepted to that judgment. *Held:*

1. Subsection (d) of Section 6 of the Stone Mountain Memorial Association Act is as follows: "The State, any department, board or agency of the State of Georgia, and any county of the State, are authorized and empowered to furnish to the association any available facilities, machinery, equipment, services or labor needful or necessary in the improvement of the property of the association, without cost to the association. The expense of any such facilities of [or?] services shall be deemed proper and legitimate expenses of the State or of such department, board, agency or county."

The amended petition alleges that Subsection (d) of Section 6 of said Act offends Art. VII, Sec. VI, Subparagraphs (a) and (b) of Paragraph I of Georgia's Constitution of 1945 which authorizes the State, State institutions, any city, town, municipality or county of this State to contract for any period not exceeding 50 years with each other or with any public agency, public corporation or authority now or hereafter created for the use of such subdivisions or the residents thereof any facilities or services of the State, State institutions, any city, town, municipality, county, public agency, public corporation or authority, provided such contracts shall deal with such activities and transactions as such subdivisions are by law authorized to undertake and which empowers any city, town, municipality or county of this State in connection with any contract authorized thereby to convey to any public agency, public corporation or authority now or hereafter created existing facilities operated by such city, town, municipality, or county for the benefit of residents of such subdivisions, provided the land, buildings, and equipment so conveyed shall not be mortgaged or pledged to secure the obligations of any such public agency, public corporation or authority and provided such facilities are to be maintained and operated by such public agency, public corporation or authority for the same purposes for which such facilities were operated by such city, town, municipality or county. There is no merit in the

contention that Subsection (d) of Section 6 of the Stone Mountain Memorial Association Act offends this provision of the Constitution of 1945 and this is true for the reason that Art. VII, Sec. VI, Subparagraphs (a) and (b) of Paragraph I relate to and deal only with contracts and conveyances which are thereby authorized between parties who are empowered to contract with each other for services which one of the contracting parties is authorized to render for the other.

2. It is argued that Subsection (d) of Section 6 of the Stone Mountain Memorial Association Act is null and void and of no effect because it offends Art. VII, Sec. I, Paragraph II (*Code Ann.* § 2-5402) of the Constitution of 1945 which provides that the General Assembly shall not by vote, resolution or order grant any donation or gratuity in favor of any person, corporation or association. However, the amended petition makes no attack upon the validity of Subsection (d) of Section 6 of the Stone Mountain Memorial Association Act on that ground; and, since it does not, no such question is presented for decision by this court.

3. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 8, 1964—DECIDED JULY 9, 1964—
REHEARING DENIED JULY 22, 1964.

*Rupert A. Brown,* for plaintiffs in error.

*Upshaw C. Bentley, Jr., A. R. Barksdale, Eugene Cook, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* contra.

